JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ivan Demkin,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06245-PHX-MSA

**ORDER**

Petitioner Ivan Demkin, who is represented by counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) On August 29, 2022, Petitioner presented at a port of entry and was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). (Doc. 1 ¶¶ 16, 27; Doc. 1 at 14.) He applied for asylum and withholding of removal, and that application remains pending. (*Id.* ¶¶ 17-18, 34; Doc. 1 at 16.) On August 18, 2026, immigration officers stopped Petitioner while he was driving and took him into custody. (*Id.* ¶ 20.) He is detained at the Eloy Detention Center and has not received a custody determination. (*Id.* ¶¶ 11, 21.) The Petition requests immediate release as its primary relief and, in the alternative, a bond hearing. (*Id.* ¶ 46.)

Pursuant to General Order 26-09, the Court directed Respondents to respond to the Petition. (Doc. 4.) In response, Respondents state they "do not oppose the request for a bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 7 at 1.) Respondents do not address Petitioner's arguments or his request for release. Respondents were required "to show cause why the writ should not be granted." 28 U.S.C. § 2243. Because Respondents do

not address any of Petitioner's claims and fail to provide any other justification for Petitioner's detention, the Court finds the arguments waived. *See N-E-M-B v. Wamsley*, No. CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). The Petition will therefore be granted, and the Court will order Petitioner's release from custody.

Therefore,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody under the same conditions that existed before his August 18, 2026 detention.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **two business days** of Petitioner's release.

**IT IS FURTHER ORDERED** that any pending motions are **denied** as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 15th day of September, 2026.

Maria S. Aguilera

Honorable Maria S. Aguilera
United States Magistrate Judge